IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

ALEXANDER WEBB
*for Marvin T. Patrick (Deceased)*,

      Plaintiff,    Civil Action No.
  v.          8:08-CV-0082 (TJM/DEP)

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____

APPEARANCES:       OF COUNSEL:

FOR PLAINTIFF:

ALEXANDER WEBB, *pro se*
777 County Route 7
Apartment 5
Brushton, New York  12916

FOR DEFENDANT:

HON. ANDREW T. BAXTER    JOHN M. KELLY, ESQ.
United States Attorney     Special Ass't U.S. Attorney
Northern District of New York
Post Office Box 7198
100 South Clinton Street
Syracuse, New York, 13261-7198

OFFICE OF THE GENERAL COUNSEL  MARY ANN SLOAN, ESQ.
Region II          Acting Chief Counsel
26 Federal Plaza - Room 3904
New York, New York 10278

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

Plaintiff Alexander Webb, who does not appear to be a licensed attorney, has commenced this proceeding pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner finding that Marvin T. Patrick, plaintiff's deceased step brother, was not entitled to disability insurance benefits ("DIB") and/or supplemental security income ("SSI") payments under the Social Security Act ("Act") prior to March of 1991. While plaintiff has chosen not to file a brief outlining his legal arguments, and his complaint fails to disclose the basis for the challenge, it is apparently Webb's contention that the decision of the administrative law judge ("ALJ") assigned to hear and determine the matter, to the effect that plaintiff was not insured at the relevant times and thus not entitled to disability insurance benefits, and also that he was not disabled and therefore not qualified to receive SSI payments under the Act, was erroneous.

In opposition to plaintiff's complaint, the Commissioner argues that Webb lacks standing to bring this action. In addition, defendant maintains that in any event the findings of the ALJ were based upon the application of proper legal principles and are supported by substantial evidence.

Having carefully reviewed the record, though without the benefit of plaintiff's arguments, I agree that plaintiff has not established that he possesses the requisite standing to raise the claims now asserted, and therefore recommend dismissal of his complaint.

I.  BACKGROUND

Marvin Patrick, the claimant in this matter, was born in January of 1938; at the time of the issuance of the ALJ's decision that is the subject of this action, on April 18, 2006, he was sixty eight years old. Administrative Transcript at pp. 13-23, 120, 245-46.[1]  The claimant was married and divorced twice, and had four children from his first marriage and three from his second; all of Patrick's children are now adults.  AT 249-50, 288.   Patrick died on September 4, 2006.  AT 232.  Prior to his death, Patrick resided in a senior housing apartment.  AT 250.  The named plaintiff in this action, Alexander Webb, is Patrick's stepbrother, the two having had the same mother in common.  AT 269.

According to the evidence in the record, prior to his death the claimant had not worked since June of 1981, as a result of limitations

---

[1] Portions of the administrative transcript (Dkt. No. 12), which was compiled by the Commissioner and is comprised in large part of the medical records and other evidence which was before the agency when its decision was made, will be cited hereinafter as "AT ___."

caused by various medical conditions. AT 100. The medical conditions identified by Patrick as interfering with his ability to perform work-related functions include sight impairment, a heart condition, stomach and lower back issues, emphysema and depression. *Id.* Other contributory factors identified by the ALJ as potentially affecting the claimant's ability to work include a history of chronic alcohol abuse and cigarette smoking. *See* AT 16-17.

## II.    PROCEDURAL HISTORY

### A.    Proceedings Before the Agency

Prior to his death, Patrick had a long history with the agency, having filed applications for benefits in January of 1984, December of 1985, November of 1986, June of 1990, March of 1991, and June of 1992. AT 27, 67, 70, 199. Patrick began receiving SSI benefits, retroactive to March 25, 1991, pursuant to a determination by an ALJ, dated December 23, 1993, which is unrelated to the decision now under review. AT 199, 280.

Pursuant to settlements in two class actions, *Stieberger v. Sullivan*, 738 F.Supp. 716 (S.D.N.Y. 1990) (challenging two policies of the Social Security Administration ("non-acquiescence" and "Bellmon Review")) and

4

*State of New York v. Sullivan*, 906 F.2d 910 (2d Cir. 1990) (affirming a district court's order that the Secretary of Health and Human Services readjudicate unfavorable determinations due to improper evaluations of claimants' ischemic heart disease), on October 31, 1994 the agency notified Patrick of the opportunity to request readjudication of the denials of his earlier applications for benefits. AT 33-36, 38. On November 10, 1994, Patrick responded to the notice, requesting that the agency review his previous claims.[2] AT 66, 69.

Patrick was notified on July 3, 2000, and again on November 6, 2000, that the agency had reviewed his earlier claims and concluded that the resulting denials of benefits were proper and would therefore remain unchanged. AT 35-39; *see also* AT 26-30. At the claimant's request, following the receipt of those notifications, a hearing was conducted on March 14, 2002 before ALJ Robert Wright. AT 277-91. After the close of that hearing ALJ Wright issued a decision on May 7, 2002; in that decision, after conducting a *de novo* review of available evidence, the ALJ concluded that Patrick was not disabled at any time during the period from

---

[2] The settlement in *Stieberger* was ultimately approved, *see Stieberger v. Sullivan*, 792 F.Supp. 1376 (S.D.N.Y. 1992), and later modified, *Stieberger v. Sullivan*, 801 F.Supp. 1079 (S.D.N.Y. 1992).

January 11, 1984 to March 24, 1991. AT 195-203. That determination, however, was vacated on appeal to the Social Security Administration Appeals Council, and the matter was remanded for further administrative proceedings. AT 204-09.

A second hearing was conducted before ALJ Joseph F. Gibbons on January 10, 2006 concerning the claimant's prior applications for benefits. AT 235-276. Appearing at that hearing was the claimant, who was unrepresented, as well as Patrick's stepbrother. *See id.* ALJ Gibbons subsequently issued a decision on April 18, 2006, again concluding that the claimant did not meet the insured status requirements necessary to qualify for disability insurance benefits and further that he was not disabled at any time prior to March 31, 1991. AT 13-23. That decision became a final determination of the agency on November 23, 2007, when the Appeals Council denied Patrick's request for review. AT 4-7.

B.  This Action

Plaintiff Alexander Webb commenced this action on January 22, 2008, purporting to act on behalf of the claimant, his deceased stepbrother. Dkt. No. 1. Although the case caption set forth in the form complaint identifies Patrick as the plaintiff, it is signed by Webb as

"Plaintiff Pro Se."[3]  *Id.*  Issue was thereafter joined by Commissioner's filing of an answer on May 27, 2008, Dkt. No. 10, followed by submission by the agency of an administrative transcript of the evidence and proceedings before the agency in connection with the matter, on July 22, 2008.  Dkt. No. 12.  With the submission of the Commissioner's brief on September 19, 2008, Dkt. No. 13, although without the benefit of a brief on behalf of the plaintiff, the matter is now ripe for determination and has been referred to me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(d).  *See also* Fed. R. Civ. P. 72(b).[4]

III.   DISCUSSION

As a fundamental, threshold matter defendant argues that plaintiff Webb lacks standing to bring this action and assert claims on behalf of his deceased stepbrother.

---

[3]   The docket reflects that a *Pro Se* Handbook and Notice were mailed to plaintiff on January 23, 2008.  *See* Dkt. No. 3.

[4]   This matter has been treated in accordance with the procedures set forth in General Order No. 18 (formerly, General Order No. 43) which was issued by the Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998, and subsequently amended and reissued by Chief District Judge Frederick J. Scullin, Jr., on September 12, 2003.  Under that General Order an action such as this is considered procedurally, once issue has been joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

A party appearing as a litigant in a federal court must pursue claims either personally, or through counsel. 28 U.S.C. § 1654; *see Berrios v. New York City Housing Authority,* 564 F.3d 130, 133 (2d Cir. 2009). While under section 1654 a party is permitted to appear *pro se*, that authority is limited to a party prosecuting or defending against claims in his or her own right and "does not permit 'unlicensed . . . [persons] to represent anyone else other than themselves.'" *Id.*, 564 F.3d at 133 (citing and quoting *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007)). Accordingly, while plaintiff Webb may be asserting a claim on behalf of Patrick, or Patrick's estate, such representation is prohibited if the estate has beneficiaries or creditors other than himself. *Berrios*, 564 F.3d at 133; *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997). Because the plaintiff does not allege that he is an authorized or otherwise proper estate representative and that there are no other beneficiaries or creditors of Patrick's estate, plaintiff may not properly represent him in a federal court action.[5]

These standing requirements apply with equal force to applications

---

[5] Since, according to his hearing testimony prior to his death, Patrick had a total of seven children, it appears unlikely that plaintiff Webb is the sole beneficiary of Patrick's estate. *See* AT 249-50, 288.

8

for Social Security benefits. In *Iannaccone v. Law*, for example, the *pro se* plaintiff, the administrator of his father's estate, was precluded from pursuing a claim for social security benefits owing to his father. 142 F.3d 553, 558 (2d Cir. 1998) (citing *Pridgen*, 13 F.3d at 393). As the Second Circuit explained in *Iannaccone*, "[u]nder such circumstances, an action cannot be described as the litigant's own, because the personal interests of the estate, other survivors, and possible creditors . . . will be affected by the outcome of the proceedings." *Iannaccone*, 142 F.3d at 559; *see also Tornow v. Schweiker*, 519 F.Supp. 860, 861 (C.D.Ill. 1981) (observing that duplicative payments such as, for example, a widow receiving widow's insurance benefits in full in addition to her own retirement insurance benefits under the Act would, frustrate the legitimate purposes of the Social Security program and stating "plaintiff has no standing to sue on behalf of her deceased husband, or decedents generally.") (citations omitted); *cf. Nichols v. Chater*, No. 93 C 2158, 1996 WL 164389, at *5, (N.D. Ill Apr. 2, 1996) (citing with approval *Burns v. Sullivan*, 5:90-CV-93 (W.D. Mich., Jan. 13, 1993) (unreported case), and holding that plaintiffs lacked standing because as the daughters of deceased medicare beneficiaries, they "'were not parties to their deceased mothers' medicare

appeal proceedings' . . . and the plaintiffs would not be adversely affected by the dismissal of their mothers' appeals'"). In reaching that conclusion, the *Iannaccone* court noted that the lack of a provision parallel to 42 U.S.C. § 406(a)(1) to sanction non-attorney representation of claimants in a federal court evinced a congressional intent that non-attorneys would be permitted to represent claimants only in administrative proceedings before the Commissioner, but not in ensuing judicial review actions.[6]  142 F.3d at 588-59. The court commented, moreover, that 42 U.S.C. § 405(g) "does not address the specific procedural issue of whether a claimant may proceed *pro se* but simply grants the claimant the right to appeal a final decision of the Commissioner . . . .".[7]  *Id.* at 559. The *Iannaccone* court also held that the plaintiff could bring an action to recover social security benefits for which he was the only claimant - that is, where the recovery was personal to him. *Id.* at 560. The threshold question, then, is whether

---

[6]   Section 406(a)(1) provides, in relevant part, that "[t]he Commissioner of Social Security may prescribe rules and regulations governing the recognition of agents or other persons, other than attorneys as hereinafter provided, representing claimants *before the Commissioner of Social Security* . . . ." 42 U.S.C. § 406(a)(1) (emphasis added).

[7]   Section 405(g), provides in relevant part, that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing *to which he was a party* . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice . . .." 42 U.S.C. § 405(g) (emphasis added).

a given matter is the plaintiff's own case, or instead seeks to recover on a claim that belongs to another. *Iannaccone*, 142 F.3d at 558 (citing *Phillips v. Tobin*, 548 F.2d 408, 411 (2d Cir. 1976)).

It should be noted, moreover, that even if it were to be determined, in response to Webb's complaint, that the finding that Patrick was not disabled prior to March of 1991 was erroneous, his estate nonetheless would not be eligible for any SSI underpayment. *See* 20 C.F.R. § 416.542(b)(4) (by regulation "[no] benefits may be paid to the estate of any underpaid recipient, the estate of the surviving spouse, the estate of a parent, or to any survivor other than those listed in paragraph (b)(1) through (3) of this section."[8]) 20 C.F.R. § 416.542(b)(4). The record in this

---

[8]     Subsection (b)(1) makes underpaid amounts payable to a deceased recipient's surviving eligible spouse who was living with the underpaid recipient; subsection (b)(2) makes underpaid amounts payable to a disabled or blind child's natural or adoptive parent(s); and subsection (b)(3) specifies that

> [i]f the deceased individual was living with his or her spouse within the meaning of section 202(i) of the Act in the month of death or within 6 months immediately preceding the month of death, and was also living with his or her natural or adoptive parent(s) in the month of death or within 6 months preceding the month of death, we will pay the parent(s) any SSI underpayment due the deceased individual for months he or she was a blind or disabled child and we will pay the spouse any SSI underpayment due the deceased individual for months he or she no longer met the definition of "child" as set forth at Sec. 416.1856. If no parent(s) can be paid in such cases due to death or other reason, then we will pay the SSI underpayment due the deceased individual for months he or she was a blind or disabled child to the spouse.

11

case contains no evidence that Patrick had an eligible spouse, or a surviving spouse who was living with him at the time of his death; to the contrary, the record indicates that Patrick was twice divorced. *See* AT 249-50.

Based upon the foregoing, I recommend the finding that plaintiff Webb lacks standing to assert claims for unpaid benefits on behalf of his deceased stepbrother, claimant Marvin T. Patrick, making it therefore unnecessary to review the propriety of the ALJ's determination on the merits.

IV. SUMMARY AND RECOMMENDATION

The record fails to disclose any basis upon which plaintiff Alexander Webb possesses the requisite standing to assert a claim, *pro se*, on behalf of his deceased stepbrother, Martin T. Patrick, for unpaid Social Security benefits. Accordingly, it is hereby

RECOMMENDED that defendant's motion for judgment on the pleadings be GRANTED, and that plaintiff's complaint in this action be DISMISSED in all respects, based upon lack of standing.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge

---

20 C.F.R. § 416.542(b)(3).

written objections to the foregoing report. Such objections shall be filed with the Clerk of Court within ten (10) days. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1) (2006); FED. R. CIV. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

   IT IS FURTHER ORDERED that the Clerk of the Court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:   October 9, 2009
         Syracuse, NY

David E. Peebles
U.S. Magistrate Judge